IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEVIN J. HARDY and CLARENCE MILAM, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) NO. 3:07-01024 |
| | ) JUDGE HAYNES |
| MONTGOMERY COUNTY JAIL, SGT. LEE, DEPUTY WEATHERBEE, and DEPUTY WAGNER, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM

Plaintiffs, Kevin J. Hardy and Clarence Milam, filed this pro se action against the Defendants: Montgomery County Jail, Sgt. Lee, Deputy Weatherbee, and Deputy Wagner. In essence, Plaintiffs allege they were subjected to violations of their constitutional rights to equal protection and due process, and denied medical services in violation of the Eighth Amendment. After the Defendants' answer, the parties proceeded with discovery.

Before the Court is Defendants' motion for summary judgment (Docket Entry No. 66). In their motion for summary judgment, Defendants assert, in sum: (1) the Plaintiffs have produced no evidence of any intentional discrimination in support of their equal protection claims; (2) Plaintiff Hardy waived his due process rights by failing to sign the Notice of Disciplinary Action and, in any event, was not entitled to due process regarding the disciplinary action; (3) Plaintiff Hardy has failed to state a viable claim for denial of services; (4) the individual Defendants are alternatively entitled to qualified immunity; and (5) Defendant Montgomery County has no

policy, custom, or practice that can be linked to Plaintiffs' alleged constitutional deprivations.

Plaintiff Hardy filed a brief response (Docket Entry No. 71), alleging, in sum, that Defendants' counsel Mark Nolan should not have been allowed to depose Plaintiff Hardy, and requesting that the Court grant Plaintiffs' earlier motions for summary judgment (Docket Entry Nos. 28 & 52) that this Court has already denied (Docket Entry Nos. 47 & 64, respectively). Otherwise, Plaintiffs have not responded to the Defendants' Statement of Undisputed Material Facts or responded to Defendants' motion for summary judgment on the merits.

For the reasons set forth below, the Defendants' motion for summary judgment should be granted. There are not any genuine issues of material fact, and Plaintiffs fail to present any evidence supporting their equal protection or due process claims or that Plaintiff Hardy was denied medical services.

## I. Findings of Fact[1]

---

[1] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As will be discussed infra, under Supreme Court holdings, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for a directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Under the applicable law, the Court concludes that there are not any material factual disputes. Thus, this section constitutes findings of fact under Fed. R. Civ. P. 56(d).

As Plaintiffs have not responded in any way to the Defendants' Statement of Undisputed Material Facts (Docket Entry No. 67), and a review of that filing finds the Defendants' contentions therein well-founded, the Defendants' Statement of Undisputed Material Facts is adopted by the Court and incorporated herein by reference in its entirety. While the Plaintiffs "enjoy the benefit of a liberal construction of their pleadings and filings," Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999), "pro se plaintiffs are not automatically entitled to take every case to trial . . . [and] the lenient treatment generally accorded to pro se litigants has limits." Farah v. Wellington, Nos. 07-3476, 07-3477, 295 Fed.Appx. 743, 748 (6th Cir. Sept. 30, 2008) (quoting Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir.1996) (citations omitted)). Although the Court

According to the undisputed facts, Plaintiffs Hardy and Milam (who are African-Americans) and Eric Jackson, a white prisoner, were distributing meal trays on September 3, 2007. (Docket Entry No. 67, Defendants' Statement of Undisputed Material Facts, at ¶¶ 1-8). Deputy Wagner observed Plaintiffs Hardy and Milam distributing extra trays to certain prisoners, who then attempted to give envelopes to Plaintiffs Hardy and Milam. Id. at ¶¶ 5-10. Deputy Wagner did not observe Jackson in the vicinity during this behavior, and issued verbal warnings to both Plaintiffs, at which time Plaintiff Hardy became upset and caused a disruption by yelling towards the watchtowers with profanities and fighting words. Id. at ¶¶ 9-13. Plaintiff Hardy was given a Notice of Disciplinary Action form that he refused to sign for causing the disruption. Id. at ¶¶ 16-21. Finally, the Montgomery County Jail is equipped with medical services including those for drug addiction treatment upon request. Defendant Weatherbee notes that she did not transfer Plaintiff Hardy upon request because local charges were pending against Plaintiff Hardy. Id. at ¶¶ 22-23.

## II. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Accord Routman v. Automatic

---

adopts the entirety of Defendants' Statement of Undisputed Material Facts, a few key facts are worth briefly summarizing here.

Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact.
>
> <u>As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment</u>. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the

required showing of the respective parties as described by the Court in Celotex:

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991) (quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting Liberty Lobby, 477 U.S. at 257). Moreover, the Court of Appeals explained:

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should

be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1480 (citations omitted). See also Hutt v. Gibson Fiber Glass Products, No. 89-5731 (6th Cir. September 19, 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" (quoting Liberty Lobby, 477 U.S. at 251-52)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.
>
> * * *
>
> Progressing to the specific issue in this case, we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'

Liberty Lobby, 477 U.S. at 248, 252 (citation omitted and emphasis added).

It is likewise true that:

> [I]n ruling on a motion for summary judgment, the court must construe the

Case 3:07-cv-01024 Document 73 Filed 06/15/09 Page 6 of 12 PageID #: 269

> evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." Duchon v. Cajon Company, 791 F.2d. 43, 46 (6th Cir. 1986) app. 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion:

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." Webster's Third New International Dictionary (1986).
>
> Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989) cert. denied 494 U.S. 1091 (1990).

In Street, the Court of Appeals discussed the trilogy of leading Supreme Court decisions,

Case 3:07-cv-01024 Document 73 Filed 06/15/09 Page 7 of 12 PageID #: 270

and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

    1.     Complex cases are not necessarily inappropriate for summary judgment.

    2.     Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

    3.     The movant must meet the initial burden of showing 'the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

    4.     This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

    5.     A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

    6.     As on federal directed verdict motions, the 'scintilla rule' applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.

    7.     The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

    8.     The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

    9.     The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

    10.     The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find for the respondent, the motion should be granted. The trial court has at least some

Case 3:07-cv-01024 Document 73 Filed 06/15/09 Page 8 of 12 PageID #: 271

discretion to determine whether the respondent's claim is implausible. Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

## A. Equal Protection Claims

Defendants first address Plaintiffs' claims that the Defendants violated their constitutional rights through Deputy Wagner's questioning of the Plaintiffs but not Eric Jackson, and through Deputy Wagner's alleged harsher punishment of Plaintiff Hardy. Defendants assert that Plaintiffs have failed to offer any evidence of racial discriminatory intent or purpose to support their allegations of equal protection violations.

To state a claim under the Fourteenth Amendment's Equal Protection Clause, a plaintiff must show he was treated differently than similarly situated individuals and that the defendant acted with discriminatory intent. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In Village of Willowbrook v. Olech, 528 U.S. 562 (2000), the Supreme Court stated:

> Our cases have recognized successful equal protection claims brought by a "class of one," where the plaintiff alleges that [plaintiff] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment. In so doing, we have explained that [t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person

> within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.

Id. at 563-64.

Here, the Court concludes that the Plaintiffs have not provided any facts to establish that they have been treated differently than other similarly situated individuals or that they were subjected to intentional discrimination. According to the undisputed facts, non-party Eric Jackson was not near the Plaintiffs when Deputy Wagner observed them distributing extra food trays. Additionally, Plaintiff Hardy was punished for causing the disruption, not for handing out extra food trays. Finally, Plaintiffs have not offered any evidence beyond conclusory allegations that the Defendants acted with any discriminatory intent or purpose. "[R]umors, conclusory allegations and subjective beliefs" are "wholly insufficient evidence to establish a claim of discrimination as a matter of law." Mitchell v. Toledo Hosp., 964 F.2d 577, 585 (6th Cir. 1992). As such, the motion for summary judgment should be granted as to Plaintiffs' equal protection claims against all Defendants.

### B. Due Process Claim

Plaintiff Hardy also alleges that he was denied due process when he was disciplined for causing a disturbance and refusing to work because he did not receive an investigation or hearing. Defendants assert that Plaintiff Hardy voluntarily waived his right to an investigation and hearing, and further argue that Plaintiff Hardy was not entitled to due process protections for this disciplinary action.

In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court held that for procedural due process rights to attach for prisoners, the prison condition or sanction imposed must be an

-10-

"atypical and significant hardship . . . in relation to the ordinary incidents of prison life." 515 U.S. at 484. Specifically, the Court found that lockdown time is not an atypical and significant hardship in prison life and therefore accorded no due process protections when such disciplinary actions were routinely applied at the prison.

The punishment received by Plaintiff Hardy here, namely the loss of two weeks of rights to the commissary and visitation, does not rise to the level of an "atypical and significant hardship" requiring due process protections. Moreover, even if such a deprivation required due process protections, Plaintiff Hardy effectively waived his rights to those protections through his refusal to sign the disciplinary form where he could have requested an investigation of the disciplinary action. As such, Plaintiff Hardy's due process claim fails, and the motion for summary judgment should be granted as to the due process claim as to all Defendants.

### C. Denial of Medical Services

Finally, Plaintiff Hardy asserts a claim that he was denied medical care in violation of the Eighth Amendment when the Defendants refused to transfer him to another penal facility with drug treatment facilities. Defendants contend that Plaintiff could have sought drug treatment at the Montgomery County Jail and that Plaintiff Hardy was not entitled to a transfer upon his request.

To survive summary judgment, a plaintiff must offer proof of an objectively serious medical need for which he needed treatment and show that the treatment was denied with deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The defendant in question must have acted with a deliberateness "tantamount to an intent to punish," Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir. 1996), or at least with criminal recklessness. Sanderfer v. Nichols, 62

-11-

F.3d 151, 154 (6th Cir. 1995). As pertinent here, a "prisoner has no inherent constitutional right to be house in a particular institution." Beard v. Livesay, 798 F.2d 874, 876 (6th Cir. 1986).

The undisputed facts here demonstrate that Plaintiff Hardy was not transferred on his request to another facility because of pending local charges against him and the availability of drug treatment at the Montgomery County facility. Plaintiff has not presented any evidence that Defendant Weatherbee acted with deliberate indifference in denying Plaintiff Hardy's request for a transfer, or that the facilities at Montgomery County were inadequate to treat his alleged medical need. Absent such proof, Plaintiffs' motion for summary judgment should be granted on Hardy's claim for denial of medical services.

Because the Court concludes that Plaintiffs have failed to offer any evidence to support their claims against any Defendant, the Court need not address the Defendants' arguments concerning qualified immunity or Montgomery County's liability.

For the reasons stated above, the Defendants' motion for summary judgment should be granted.

An appropriate Order is filed herewith.

Entered this the _15th_ day of June, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge